UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN D. TUNSTALL | No. 20 CR 259<br><br>Judge Thomas M. Durkin |

**GOVERNMENT'S POSITION PAPER AS TO SENTENCING FACTORS AND CORRECTION TO THE PRESENTENCE INVESTIGATION REPORT**

The UNITED STATES OF AMERICA, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby submits this position paper with respect to the sentencing of defendant Kevin Tunstall in the above-captioned matter. For the reasons set forth below, the government respectfully requests that the Court sentence defendant to a term of imprisonment within the applicable Guidelines range of 24 to 30 months.

**I.  PROCEDURAL HISTORY**

On June 24, 2020, a grand jury returned an indictment charging defendant Kevin Tunstall with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 5. On February 18, 2022, at a change of plea hearing, defendant pleaded guilty to the indictment pursuant to a plea agreement. Dkt. Nos. 49; 50. This matter is scheduled for sentencing on May 25, 2022. Dkt. No. 49.

**II.  FACTUAL BACKGROUND**

On May 30, 2020, defendant, along with a group of other individuals, was in a parking lot near the intersection of South State Street and West Harrison Street in Chicago, Illinois. Presentence Investigation Report ("PSR") ¶ 5; Plea Agreement ¶ 6.

At that time, defendant possessed a loaded Smith & Wesson SD40 .40 caliber pistol, bearing serial number FZK0972. *Id.* While in or near the parking lot, defendant fired the firearm several times. *Id.* Shortly after firing the gun, defendant saw Chicago Police Department officers arrive in the parking lot. *Id.* Defendant, who still possessed the firearm, then entered the back seat of a black Jeep parked in the parking lot, which police officers approached. *Id.* As defendant exited the Jeep, he dropped the firearm onto the asphalt outside of the Jeep, and the firearm was recovered by police officers. *Id.*

The Smith & Wesson firearm was manufactured in Connecticut and assembled in Massachusetts and, therefore, had traveled in interstate commerce prior to defendant's possession of it. PSR ¶ 7; Plea Agreement ¶ 6. At the time he possessed the Smith & Wesson firearm, defendant knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, namely, reckless discharge of a firearm and harassing a juror/family member/representative. *Id.*

### III. CORRECTION TO THE PRESENTENCE INVESTIGATION REPORT

According to the PSR, defendant receives: (i) two criminal history points for his 2013 conviction pursuant to Guideline § 4A1.1(b) because he was sentenced to an 85-day term of imprisonment[1]; and (ii) three criminal history points for his 2016 conviction pursuant to Guideline § 4A1.1(a) because he was sentenced to a four-year term of imprisonment. Therefore, defendant has a total of five criminal history points.

---

[1] The plea agreement does not identify the 85-day term of imprisonment and therefore incorrectly states that defendant receives one criminal history point for this conviction. Plea Agreement ¶ 9(c)(i).

However, paragraph 31 states that defendant has four criminal history points. Accordingly, the government requests that paragraph 31 be corrected to state the following:

> The total criminal history score is five. According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of five establishes a criminal history category of III.

Defendant's criminal history category and guidelines range remain unchanged.

## IV. SENTENCING GUIDELINES CALCULATIONS

### A. Offense Level

The government agrees with the U.S. Probation Officer's calculation of defendant's offense level. PSR ¶¶ 12-22. As set forth in the PSR, the base offense level is 14, pursuant to Guideline § 2K2.1(a)(6)(A), because defendant was a prohibited person at the time he committed the instant offense. PSR ¶ 13. Pursuant to Guideline § 2K2.1(b)(6)(B), the offense level is increased by four levels, because the firearm was possessed in connection with another felony offense, namely reckless discharge of a firearm. PSR ¶ 14. Defendant appears to have accepted responsibility for his criminal conduct, which would entitle him to a three-point reduction in his offense level. PSR ¶¶ 20; 21. Accordingly, defendant's total offense level is 15. PSR ¶ 22.

### B. Criminal History Category

Based on Probation's calculations, defendant has five criminal history points and is in criminal history category III. PSR ¶¶ 29-31.

### C. Advisory Guidelines Range

With an offense level of 15 and his placement in criminal history category III, defendant faces an advisory Guidelines range of 24 to 30 months' imprisonment. PSR ¶ 74.

## V. APPLICATION OF SENTENCING FACTORS

The Sentencing Guidelines provide a starting point and initial benchmark for sentencing. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). "The Guidelines remain an essential tool in creating a fair and uniform sentencing regime across the country." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "[A] district court that sentences within the Guidelines necessarily gives weight and consideration to avoiding unwarranted disparities." *United States v. Pulley*, 601 F.3d 660, 668 (7th Cir. 2010). Although a sentence within the Guidelines range is presumptively reasonable, *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009), the court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence.

In light of those factors in this case, a sentence of imprisonment within the Guidelines range of 24 to 30 months should be imposed. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of the defendant's offense, to promote respect for the law, to provide just punishment for defendant's crime, and to afford adequate deterrence to similar criminal conduct.

### A. Nature and Circumstances of the Offense

Possessing a firearm as a felon is a serious offense. As the Supreme Court has observed, in enacting the felon-in-possession statute, "Congress determined that the ease with which firearms could be obtained contributed significantly to the prevalence of lawlessness and violent crime in the United States." *Huddleston v. United States*, 415 U.S. 814, 824 (1974). Accordingly, "[g]uns do not belong in the hands of felons," *United States v. Conley*, 291 F.3d 464, 473 (7th Cir. 2002), and the reason for that is straightforward: "'Once the gun is in the defendant's hands he need only pull the trigger, an act which can be completed in a split second and which is controlled and influenced by nothing more than the defendant's whim.'" *United States v. Matthews*, 520 F.3d 806, 809 (7th Cir. 2008) (quoting *United States v. Lane*, 267 F.3d 715, 718 (7th Cir. 2001)).

Here, defendant not only unlawfully possessed the firearm, he discharged it, recklessly endangering the people around him. Furthermore, it is clear that defendant's possession of a firearm was not a one-time or aberrant choice. Specifically, in November 2013, defendant was convicted of another firearm offense in the Circuit Court of Cook County, Illinois, for which he received a sentence of 85 days' imprisonment and two years' probation. PSR ¶ 29. A sentence within the Guidelines range would recognize the serious nature of this offense.

### B. History and Characteristics of Defendant

Defendant is 30 years old and was born and raised in the Chicago area. PSR at 3, ¶¶ 42, 43. Defendant appears to have had good, but difficult, childhood, affected

by substance abuse by close family members. PSR ¶ 43. Defendant maintains good relationships with his family members, including his parents, siblings, aunt, and uncle. PSR ¶¶ 42-44. Aside from his period of imprisonment, defendant appears to have maintained generally steady employment over the last decade. PSR ¶¶ 62-68.

Over the last decade, defendant has been convicted of reckless discharge of a firearm, as noted above, and harassing a witness or family member, for which he received a four-year term of imprisonment. PSR ¶¶ 29, 30.

### C.  Need to Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence

A message of deterrence must be sent to defendant with the sentence imposed for the instant crime. Defendant's actions in possessing a firearm having been previously convicted of a felony demonstrate disrespect for the law. Defendant's offense requires a sentence that reflects the seriousness of this offense.

There is similarly a substantial need for general deterrence in this case. A term of imprisonment within the Guidelines range underscores that, if someone who has been previously convicted of a felony possesses a firearm, there will be consequences for those actions. The crime of possession of a firearm by a felon significantly contributes to gun violence and thus deserves a significant punishment. Firearms and firearm-related violence have plagued the City of Chicago for years, and continue to do so.[2] Therefore, a sentence within the Guidelines range of 24 to 30 months'

---

[2] *See, e.g.*, https://www.nbcchicago.com/news/local/chicago-weekend-shootings-2-dead-at-least-10-hurt-in-gun-violence/2832810/ (May 14, 2022) (last visited May 17, 2022).

imprisonment will help promote respect for the law, provide a just punishment for defendant's crime, and afford adequate deterrence to defendant similarly situated individuals.

## VI.   SUPERVISED RELEASE CONDITIONS

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government requests that the Court impose a term of supervised release of three years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in defendant's rehabilitation and reintegration into society, the government supports Probation's recommendation that the term of supervised release include the conditions set forth below.

### A.   Mandatory Conditions of Supervised Release

The government agrees that the following mandatory conditions of supervised release proposed by the Probation Department should be imposed because they are required by 18 U.S.C. § 3583(d) and recommended by Guideline § 5D1.3(a):

- defendant shall not commit another federal, state, or local crime (Mandatory Condition 1);

- defendant shall not unlawfully possess a controlled substance (Mandatory Condition 2);

- defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law (Mandatory Condition 5); and

- defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests

7

> for use of a controlled substance during each year of supervised release (Mandatory Condition 6).

B. **Discretionary Conditions of Supervised Release**

The government agrees that the following discretionary conditions of supervised release proposed by the Probation Department should be imposed, as such discretionary conditions will serve to facilitate supervision by the Probation officer, support defendant's rehabilitation and reintegration into society, and serve to promote deterrence and protect the public, and are thus appropriate in this case. Such discretionary conditions are:

- defendant shall seek, and work conscientiously at, lawful employment or, if defendant is not gainfully employed, defendant shall pursue conscientiously a course of study or vocational training that will equip defendant for employment (Discretionary Condition 4);

- defendant shall not knowingly meet or communicate with any person whom defendant knows to be engaged, or planning to be engaged, in criminal activity (Discretionary Condition 6);

- defendant shall refrain from excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%), and from any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner (Discretionary Condition 7);

- defendant shall refrain from possession of a firearm, destructive device, or other dangerous weapon (Discretionary Condition 8);

- defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year, and defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider (Discretionary Condition 9);

- defendant shall refrain from knowingly leaving the federal judicial district where defendant is being supervised, unless granted permission to leave by the Court or a probation officer (Discretionary Condition 14);

- defendant shall report to the probation office in the federal judicial district to which he is released within 72 hours of his release from imprisonment, and shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer (Discretionary Condition 15);

- defendant shall permit a probation officer to visit defendant at any reasonable time at home, at work, at school, at a community service location, or at any other reasonable location specified by a probation officer, and shall permit confiscation of any contraband observed in plain view of the probation officer (Discretionary Condition 16);

- defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer, and shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege (Discretionary Condition 17);

- defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer (Discretionary Condition 18);

- defendant shall satisfy other special conditions (Discretionary Condition 22); and

- defendant shall submit defendant's person, property, house, residence, vehicle, papers, or office to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. Defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner (Discretionary Condition 23).

C.     **Special Conditions of Supervised Release**

The government recommends that the Court impose the below special conditions of supervised release, which further support defendant's rehabilitation and reintegration into society. Specifically:

- defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed, and the amount of community service shall not exceed 300 hours (Special Condition 3);

- defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition 11); and

- defendant shall observe one Reentry Court session, as instructed by defendant's probation officer (Special Condition 13).

## VII.    CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the applicable Guidelines range of 24 to 30 months' imprisonment, followed by a three-year period of supervised release.

          Respectfully submitted,

          JOHN R. LAUSCH, JR.
          United States Attorney

By:     */s/ G. David Rojas*
          G. David Rojas
          Assistant United States Attorney
          United States Attorney's Office
          219 South Dearborn Street
          Chicago, Illinois 60604
          (312) 353-5300